**C. A. BACOTE et al., Plaintiffs,**

v.

**Jimmy CARTER et al., Defendants.**

**Civ. A. No. 15748.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 17, 1972.

Bernard Parks, George L. Howell, Atlanta, Ga., Nathaniel R. Jones, New York City, for plaintiffs.

Arthur K. Bolton, Atty. Gen., Dorothy Y. Kirkley, Atlanta, Ga., Webb, Parker, Young & Ferguson, Atlanta, Ga., George P. Dillard, Herbert O. Edwards and Robert E. Mozley, Decatur, Ga., John R. McCannon, Jonesboro, Ga., for defendants.

Before BELL and MORGAN, Circuit Judges, and HENDERSON, District Judge.

## OPINION AND ORDER

PER CURIAM.

This three-judge district court matter involves the redistricting of the Fifth Congressional district of Georgia to comport with the 1970 census. The gist of the complaint is that the black population was limited in the district by gerrymandering. The suit, as filed, was an attack on the redistricting statute adopted in 1971. However, there was a supervening change in the redistricting plan which change was accomplished by a statute enacted in 1972 and it is that statute which is now in issue.

Prior to redistricting, the racial ratio of the Fifth district under the 1970 census was 60.73 per cent white and 39.27 per cent black. Under the 1971 Act, the racial ratio was 61.66 per cent white and 38.34 per cent black. The Fifth district lies wholly in Fulton County but the county population of 607,592 is larger than 458,957, the appropriate population for a congressional district in Georgia. The population of the City of Atlanta is 496,973. The City of Atlanta lies in both Fulton and DeKalb Counties. Excluding those citizens residing in the DeKalb portion of Atlanta, the population of the city is 450,286. The racial ratio of the city is 48.8 per cent white and 51.2 per cent black. Excluding the DeKalb portion of the population, the ratio is 49.9 per cent white and 50.1 per cent black.

Act No. 16 of the General Assembly of Georgia, Extraordinary Session, 1971, included a south line between the Fifth and Sixth Congressional districts which resulted in a black population percentage of 38.4 per cent in the Fifth district. Portions of all of the cities of Hapeville, East Point, and College Park were included in the district with a large area of Atlanta being placed in the Sixth district.[1] The Department of Justice, pursuant to § 5 of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973c, disapproved the line as drawn. Thereupon the General Assembly, at the regular 1972 session, changed the line between the districts with the result that the ra-

---

1. A portion of Atlanta in Fulton County was left in the Fourth Congressional District along with that portion of the city which lies in DeKalb County. The complaint goes to the line between the Fifth and Sixth districts.

cial ratio of the Fifth Congressional district is 56.2 per cent white and 43.8 per cent black. This is to be compared with the former ratio of the district; 60.73 per cent white and 39.27 per cent black. It is also to be compared with Fulton County; 60.93 per cent white and 39.07 per cent black; and the City of Atlanta (in Fulton County); 49.9 per cent white and 50.1 per cent black. Hapeville, East Point, and College Park were removed from the Fifth to the Sixth. A much smaller number of Atlanta citizens were left in the Sixth district.

Despite the 1972 Act, which has now been approved by the Department of Justice, plaintiffs continue to urge a greater black population proportion for the district. They point to other methods of drawing the south line which would result in a black proportion of up to 48.4 per cent.

We do not have a one citizen-one vote problem. Rather, the issue is alleged gerrymandering for racial reasons.

We have carefully considered the line as drawn in the 1972 Act. It follows the natural boundary of the south city limit line except in one area. It is impossible to follow the line in its entirety and comply with the one citizen-one vote rule. We have compared the line as drawn with the lines suggested by plaintiffs which contemplate greater departures from the city limit boundary under any plan suggested. Under any of the plaintiff's plans as well as the plan of the statute, some Atlanta citizens are placed in the Sixth Congressional district. There is no evidence that the 1972 choice made by the General Assembly was for reasons of race. The slight difference in the result suggested by plaintiffs and the result under the Act does not suffice to make out a prima facie case of racial discrimination.

We hold that plaintiffs have not made out a case of proscribed gerrymandering when the case is considered on the basis of the 1972 Act. Cf. Wright v. Rockefeller, 1964, 376 U.S. 52, 84 S.Ct. 603, 11 L.Ed.2d 512; Honeywood v. Rockefeller,

E.D.N.Y., 1963, 214 F.Supp. 897, affirmed, 376 U.S. 222, 84 S.Ct. 708, 11 L. Ed.2d 656 (1964). We need not and do not pass on that issue as to the 1971 Act since it is no longer in existence.

It is so ordered.